**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**JAWANA KESHUN JACKSON,**         )
                                    )
         **Movant,**                )
                                    )
**vs.**                             )          **2:12-CV-8014-VEH-RRA**
                                    )          **2:09-CR-0453-VEH-RRA**
                                    )
**THE UNITED STATES OF AMERICA,**   )
                                    )
         **Respondent.**            )

## MEMORANDUM OPINION

The magistrate judge entered a report and recommendation, recommending that this § 2255 motion to vacate be denied because it is barred by the statute of limitations. The movant has filed objections to the report and recommendation.

In her objections, Jackson argues for the first time that the limitations period should not apply to her because she is actually innocent. The Supreme Court has never addressed whether actual innocence is available to overcome the procedural bar of the one-year statute of limitations established by the AEDPA. However, the Eleventh Circuit Court of Appeals has held that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such

an exception for actual innocence." *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court elaborated on the fundamental miscarriage of justice exception and the necessity of showing innocence. To meet this exception, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. The standard focuses on the *actual* innocence of the petitioner. As the Supreme Court explained:

> Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial. Indeed, with respect to this aspect of the *Carrier* standard, we believe that Judge Friendly's description of the inquiry is appropriate: the habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial."

*Id.* at 327. (*Quoting* Friendly, *Is Innocence Irrelevant? Collateral Attack on Judgment*, 38 U.Chi.L.Rev. 142, 160 (1970)). To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002).

Jackson maintains that she is actually innocent of Count 2 because her plea was coerced. However, she has not provided any new evidence that would establish that it is more likely than not that no reasonable juror would have found her guilty beyond a reasonable doubt. Therefore, she has failed to meet the requirements of the *Schlup* test.

The court has considered the entire file in this action, together with the report and recommendation and the objections, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved. Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.

The motion to vacate is due to be **DENIED**. An appropriate order will be entered.

**DONE** this the 6th day of June, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge